## STATE v. WILLIAM FOWLER.

(Filed 23 February, 1927.)

**1. Constitutional Law—Criminal Law—Punishment—Discrimination.**

   Under provisions of C. S., 3410, applying to all counties of the State, a violation of the prohibition law, upon conviction, is punishable in all counties of the State by fine or imprisonment, within the discretion of the trial judge, and a statute, applying only to five counties, making the punishment a fine only in certain instances, is in violation of our Constitution, and void. Const., Art. I, sec. 7.

**2. Same—Indictment—Judgment.**

   Where the indictment for the violation of our prohibition law is drawn under the provisions of C. S., 3410, and there is an existing statute applying to a county wherein the trial is had making the defendant in case of the first offense punishable only by a fine, and imprisonment for the second offense, and is void in the former instance, as to which the indictment would otherwise be defective, a sentence under the general statute is properly entered, upon conviction.

---

---

APPEAL by defendant from *Stack, J.*, at Spring Term, 1926, of POLK.

The defendant was indicted and convicted of having intoxicating liquor in his possession in violation of law. The General Assembly at the session of 1925 passed a Public-Local law applicable to the counties of Transylvania, Jackson, Clay, Graham and Polk. Public-Local Laws 1925, ch. 114. Section 1 provides that certain officers, charged with the duty of enforcing the criminal laws of the State, who shall produce evidence convicting any person of manufacturing liquor, selling, transporting, buying or having it on hand, etc., shall receive a reward of $25 to be paid by the person convicted, etc. Section 2: "That any person or persons who shall be convicted of any of the offenses hereinbefore mentioned (manufacturing, selling or offering for sale, transporting, buying, or having liquors on hand for the purpose of sale or any other violation of the prohibition law) shall be guilty of a misdemeanor and shall, for the first offense, be fined not less than fifty dollars nor more than one hundred dollars, and for a second or further similar offense shall be imprisoned not less than six months nor more than two years, and shall be required to pay all costs and sums taxed as a reward against such convicted person in addition to such fine or imprisonment as herein mentioned." The other sections are not material.

The indictment contains counts charging the defendant with the offenses enumerated. Upon conviction he was sentenced to imprisonment for six months to be worked on the public roads of Henderson County, and he appealed, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Quinn, Hamrick & Harris for defendant.*

ADAMS, J. For the first offense section 2 imposes a fine; for the second or further similar offense, imprisonment for a term not less than six months nor more than two years. The defendant admitted that he had previously been convicted in the Federal Court; and for this reason, according to a recital in the judgment, he was sentenced to imprisonment in the present case; but the aggravated punishment prescribed for a subsequent conviction cannot be imposed unless the prior conviction, which is an essential part of the description of the second offense, is charged in the indictment. C. S., 4617; *S. v. Davidson,* 124 N. C., 839; *S. v. Dunlap,* 159 N. C., 491; *S. v. Walker,* 179 N. C., 730; *S. v. Clark,* 183 N. C., 733.

The State contends, however, that under the general law any person who violates the provisions of the prohibition act may be fined or

imprisoned or both fined and imprisoned in the discretion of the court (C. S., 3410); that the act of 1925 (Public-Local Laws, ch. 114), confers upon residents of the five counties to which it applies a privilege or immunity not enjoyed by other residents of the State; and that such privilege or immunity is inhibited by the organic law.

In theory constitutional government is based upon equality of rights, privileges and protection. The Fourteenth Amendment provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, or deprive any person of life, liberty, or property without due process of law, or deny to any person within its jurisdiction the equal protection of the laws"; and, as said by *Mr. Justice Field,* these provisions intend "that in the administration of criminal justice no different or higher punishment should be imposed upon one than such as is prescribed to all for like offenses." *Barbier v. Connolly,* 113 U. S., 27, 28 L. Ed., 923. That the State Constitution rests upon the same theory is made obvious by reference to the Declaration of Rights. There are constitutions which provide in express terms that general laws shall have a uniform operation; ours embodies the principle in the following language: "No man or set of men are entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services." Const., Art. I, sec. 7. This provision, we think, is a guaranty that every valid enactment of a general law applicable to the whole State shall operate uniformly upon persons and property, giving to all under like circumstances equal protection and security and neither laying burdens nor conferring privileges upon any person that are not laid or conferred upon others under the same circumstances or conditions. 6 R. C. L., 369, sec. 364; 36 Cyc., 992; 12 C. J., 1187, sec. 955; 16 C. J., 1352, sec. 3189; *S. v. Bargus,* 53 A. S. R. (Ohio), 628; *Jones v. R. R.,* 121 A. S. R. (Ill.), 313; Cooley's Const. Lim., 554 *et seq.* A practical application of the provision in civil actions may be found in *Simonton v. Lanier,* 71 N. C., 498 and *Rowland v. B. & L. Asso.,* 116 N. C., 878, in which the purported grant of a right to charge more than the statutory rate of interest is condemned as an exclusive or separate privilege. *Elizabeth City v. Power Co.,* 188 N. C., 278.

This principle, it should be understood, was not designed to interfere and does not interfere with the police power of the State, the object of which is to promote the health, peace, morals and good order of the people, to increase the industries of the State, to develop its resources, and to add to its wealth and prosperity. *Barbier v. Connolly, supra;* 12 C. J., 1185, sec. 953. Legislation of this character is a necessity; but in the exercise of the police power classification must be natural, not arbitrary; it "must always rest upon some difference which bears a

reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis." *Gulf Co. v. Ellis,* 165 U. S., 150, 41 L. Ed., 666; *Connolly v. Pipe Co.,* 184 U. S., 539, 559, 46 L. Ed., 679, 690; *Sutton v. State,* 33 L. R. A. (Tenn.), 589; *S. v. Joyner,* 81 N. C., 534; *S. v. Stovall,* 103 N. C., 416; *S. v. Moore,* 104 N. C., 714; *Broadfoot v. Fayetteville,* 121 N. C., 418. See, also, *Ex parte Schatz,* 38 A. L. R., 1032, 1035.

But the statute under consideration cannot be sustained on the ground that it was enacted in the exercise of the police power. The question is whether it shall supersede "the law of the land,"—the general public law which was designed to operate without exception or partiality throughout the State. It is needful to remember that the indictment was drafted under the general law, and that the decisive question is whether offenders in the five counties referred to may lawfully be exempted from the punishment prescribed by the general law; whether they shall be subject only to a fine when the offenders in ninety-five other counties may be punished by imprisonment. In our judgment this part of section 2 is neither equal protection of the laws nor the protection of equal laws (*Connolly v. Pipe Co., supra*); it is the grant of a special exemption from punishment or an exclusive or separate privilege which is forbidden by the cited provision. This conclusion is upheld in principle in our own decisions and in those of other jurisdictions. In the case of *William W. Jilz,* 3 Mo. Appeal R., 243, the Court said: "The general law applicable to the State prescribed as the punishment for the offense of which the petitioner was convicted, imprisonment in the county jail not exceeding one year, or a fine not exceeding $500, or both such fine and imprisonment. A law prescribing a different punishment from this in St. Louis County is clearly unconstitutional." At the special session of 1880 the General Assembly of North Carolina, enacted a statute applicable to twelve counties, purporting to make the killing or injury of livestock by a car or an engine a misdemeanor and providing that the engineer, the conductor, and the superintendent of the railroad should be indictable. The Code, 2327 *et seq.* The Court, holding that the act was unconstitutional, remarked: "We do not say, that there may not be local legislation, for it is very common in our statute books, but that an act divested of any peculiar circumstances, and *per se* made indictable, should be so throughout the State, as essential to that equality and uniformity which are fundamental conditions of all just and constitutional legislation." *S. v. Divine,* 98 N. C., 778. The principle of uniformity in the operation of a general law extends to the punishment and denounces as arbitrary and unreasonable the imposition in one county of any kind of punishment which is different from that which is prescribed under the general law to all who may be guilty of the same offense. It follows

that the provision limiting the punishment for the first offense to a fine must be regarded as an arbitrary class distinction which cannot be sustained because forbidden by the fundamental law and the judgment which was pronounced by authority of the general law must be upheld. We find no reversible error.

No error.