STATE OF NORTH CAROLINA ON THE RELATION OF THE CORPORATION
COMMISSION v. SOUTHERN RAILWAY COMPANY, SEABOARD AIR
LINE RAILWAY COMPANY, AND NORFOLK SOUTHERN RAILROAD
COMPANY.

(Filed 17 October, 1928.)

**1. Statutes—Construction—Remedial Statutes—Corporation Commission
—Railroads.**

Where a State commission is created with jurisdiction over railroad
companies operating within the State, the statute will be construed lib-
erally to effectuate its purposes and to advance the remedy contemplated
by the General Assembly.

**2. Railroads—Control and Regulation—Stations—Corporation Commis-
sion.**

Under the provisions of C. S., 1041, 1042, the Corporation Commission
of this State has the power to require railroad companies subject to its
jurisdiction, which have constructed or maintained a union passenger
station in a city or town of the State, to construct or equip a new union
passenger station in such city or town upon its finding that the present
station is inadequate.

**3. Corporation Commission—Jurisdiction—Appeal—Superior Courts.**

The jurisdiction of the Corporation Commission is original, to be exer-
cised either upon its own motion or upon petition of interested parties,
and only parties whose property rights may be affected have the right to
appeal to the Superior Court, C. S., 1097, and the jurisdiction of that court
is derivative.

**4. Courts—Superior Courts—Appeals from Orders of Corporation Com-
mission.**

The appeal of those who are not parties to the proceedings before the
Corporation Commission should be dismissed in the Superior Court for
want of jurisdiction.

**5. Same.**

On appeal from an order of the Corporation Commission to compel rail-
road companies to submit plans for a new union depot on account of the
inadequacy of the existing one, the Superior Court has jurisdiction to try
and determine both issues of law and issues of fact arising upon excep-
tions taken by the appellant during the hearing before the Commission,
and the trial as to the facts at issue is *de novo*.

**6. Corporation Commission—Jurisdiction—Railroads.**

Where three railroad companies use a union station in a city in con-
nection with the operation of their railroads, two as owners, and the other
as lessee of a fourth road, it is not jurisdictional before the Corporation
Commission or the Superior Court on appeal that in the proceedings
before the Corporation Commission to compel them to build and maintain
an adequate station, that the lessor railroad be a party, but it is not error
for the trial judge to order that the lessor road be made a party and the
cause proceeded with therein.

CORPORATION COMMISSION *v.* R. R.

APPEAL by defendants from order of *Cranmer, J.,* at Second April Civil Term, 1928, of WAKE. Appeal dismissed.

This proceeding was begun by petition filed with the Corporation Commission of North Carolina, on 15 November, 1926. The petitioners were the City of Raleigh and others; the respondents are Southern Railway Company, Seaboard Air Line Railway Company, and Norfolk Southern Railroad Company. Each of the respondents is engaged in business in North Carolina as a common carrier of passengers and freight. Each enters the city of Raleigh with its railroad. The respondents maintain and use in the conduct of their business as common carriers of passengers, a Union Passenger Station in the city of Raleigh.

It is alleged in the petition in this proceeding that said Union Passenger Station and its facilities are "totally inadequate, unsafe, unsanitary and unsightly." Petitioners pray that respondents be required by order of the Corporation Commission to construct and equip an adequate Union Passenger Station in the city of Raleigh.

After a hearing, upon facts found by the Corporation Commission, from evidence offered by both petitioners and respondents, the following order was made by the Commission on 31 August, 1927:

"It is ordered that the Southern Railway Company, the Seaboard Air Line Railway Company and the Norfolk Southern Railroad Company file with the Corporation Commission within ninety days from this date plans for a new and adequate Union Passenger Station to be erected in the city of Raleigh, upon either of the sites indicated in its findings herein made."

Exceptions to this order were duly filed by the respondents. Thereafter, upon a further hearing of this proceeding, the following order was made by the Corporation Commission on 6 January, 1928:

"It is ordered that the exceptions filed by the respondents in this proceeding be, and they are hereby overruled, and that the order of the Commission of 31 August, 1927, be and it is hereby amended by extending the time fixed therein for the filing of plans and specifications for a new and adequate Union Passenger Station in Raleigh to ninety days from the date of this order."

Each of the respondents appealed from this order to the Superior Court of Wake County, and thereafter filed exceptions to said order in accordance with the provisions of C. S., 1097 *et seq.* The appeal came on for hearing in said Superior Court at Second April Civil Term, 1928, before Cranmer, J., and a jury. At said hearing the petition of the City of Raleigh and others to the Corporation Commission, the answers of the respondents to said petition, and the orders of the Corporation Commission, together with the exceptions and assignments of error based thereon were read to the court and jury.

The court found as a fact, from admissions made at the hearing by counsel for the State of North Carolina on the relation of the Corporation Commission, that the title to the present Union Passenger Station and appurtenant properties in Raleigh, is held, one-third undivided interest therein by the Southern Railway Company, one-third undivided interest therein by the Seaboard Air Line Railway Company, and one-third undivided interest therein by the North Carolina Railroad Company; and that the one-third undivided interest in said Union Passenger Station of the said North Carolina Railroad Company is leased by said company to defendants herein, the Southern Railway Company and the Seaboard Air Line Railway Company. The defendant, Norfolk Southern Railroad, enters the said Union Passenger Station at Raleigh, and uses the same and its facilities under a rental agreement with its co-defendants.

Upon the above findings, defendants moved that this proceeding be dismissed, for want of jurisdiction, in that the North Carolina Railroad Company was a necessary and indispensable party to the proceeding before the Corporation Commission; that in the absence of said North Carolina Railroad Company as a respondent, the Corporation Commission was without jurisdiction of the subject-matter of the petition in this proceeding, which is now in the Superior Court upon appeal, as provided by statute, from the order of said Commission. The motion was denied, and defendants excepted.

Thereupon the following order was made by Judge Cranmer:

"This cause coming on to be heard before his Honor, E. H. Cranmer, and a jury, and it appearing to the court that the North Carolina Railroad Company is a necessary party defendant to this action, it is hereby ordered, adjudged and decreed that the North Carolina Railroad Company be and is hereby made a party defendant and service of this order is hereby directed to be made upon said North Carolina Railroad Company, together with a copy of original petition and copy of order of Corporation Commission, dated 31 August, 1927, and the said North Carolina Railroad Company is to have thirty days from the service of this order in which to answer." Defendants excepted to this order.

From the foregoing order of Judge Cranmer, defendants appealed to the Supreme Court.

*Attorney-General Brummitt, Assistant Attorney-General Siler, and I. M. Bailey, Counsel for Corporation Commission; Albert L. Cox and J. M. Broughton, Counsel for City of Raleigh, for plaintiff.*

*John B. Hyde, Smith & Joyner, Sidney S. Alderman, C. P. Reynolds, W. B. Rodman, R. N. Simms and Murray Allen for defendants.*

CONNOR, J.  The sole question presented for decision by this appeal is whether or not the Superior Court of Wake County had jurisdiction of this proceeding, which was pending therein on appeal of defendants from the order of the Corporation Commission of North Carolina.  For the purposes of this decision, it is conceded that the Corporation Commission has the power, by virtue of the provisions of C. S., 1041 and C. S., 1042, to require railroad companies, subject to its jurisdiction, which have constructed or which maintain a Union Passenger Station in a city or town of this State, to construct and equip a new Union Passenger Station in such city or town, upon its finding that the present station is inadequate.  These statutes should be construed liberally in order to effectuate their purposes and to advance the remedy contemplated by the General Assembly, when the statutes were enacted.  *Dewey v. R. R.,* 142 N. C., 392, 55 S. E., 292.

The jurisdiction of the Corporation Commission, with respect to the construction of passenger stations, is original; it may be exercised by said Commission, either upon its own motion, or upon petition of interested parties.  From all decisions made by the said Commission, in the exercise of its jurisdiction, any party affected thereby may appeal to the Superior Court, C. S., 1097.  The right of appeal, conferred by statute, is limited, however, to a party to the proceeding; for purposes of appeal, those who have no property or proprietary rights which are or may be affected by orders of the Commission, are not parties to the proceeding, and have no right to appeal from such orders to the Superior Court.  An appeal by persons who are not parties to the proceeding before the Corporation Commission will be dismissed by the Superior Court, for the reason that said court acquires no jurisdiction by such appeal.  *Corp. Com. v. R. R.,* 170 N. C., 560, 87 S. E., 785.

Upon appeal by a party to a proceeding before the Corporation Commission from an order made therein, the Superior Court has jurisdiction to try and determine both issues of law and issues of fact, duly presented by assignments of error based upon exceptions duly taken by the appellant during the hearing before the Corporation Commission.  The trial of such issues by the Superior Court is *de novo.*  *S. v. R. R.,* 161 N. C., 270, 76 S. E., 554.  Its jurisdiction, with respect to the trial of such issues, is derivative and not original, and therefore if the Corporation Commission was without jurisdiction of the proceeding in which the order was made, from which the appeal was taken, because of the absence of a necessary party, or upon any other ground, the Superior Court is likewise without jurisdiction, and the proceeding pending therein, upon appeal, should be dismissed by said court.  The principle upon which an appeal from a court of a justice of the peace to the Superior Court,

which may be taken from a judgment in an action of which the former court has original jurisdiction, and the latter court only appellate jurisdiction, although the trial in the latter court is *de novo,* is dismissed for want of original jurisdiction in the justice's court, is applicable to an appeal from the Corporation Commission to the Superior Court. This principle is stated in *Hall v. Artis,* 186 N. C., 105, 118 S. E., 901, as follows: "There is a general rule, frequently approved in our decisions, that if an inferior court or tribunal has no jurisdiction of a cause, an appeal from its decision confers no jurisdiction upon the appellate court." See cases cited in the opinion of *Adams, J.* This rule is not applicable to appeals pending in the Superior Court from orders or decisions of the clerk in matters of which he has original jurisdiction. C. S., 637.

It appears from the record in this appeal that the North Carolina Railroad Company owns a one-third undivided interest in the Union Passenger Station now maintained in the city of Raleigh, and that its interest in said station is leased to the defendants, Southern Railway Company and Seaboard Air Line Railway Company, the owners of the remaining two-thirds interest. Both said lessees were respondents in this proceeding which was begun before the Corporation Commission; they are defendants in the proceeding which has been docketed, on their appeal, in the Superior Court. The North Carolina Railroad Company, having leased its railroad, which enters the city of Raleigh, and other property owned by it, to the Southern Railway Company, is not now operating said railroad, except through its lessee, as a common carrier. It is not a necessary party to this proceeding for purposes of jurisdiction, either as a respondent before the Corporation Commission, or as a defendant in the Superior Court. The jurisdiction of the Corporation Commission of the proceeding instituted before said Commission, by the petition of the City of Raleigh and others is not affected by the absence of the North Carolina Railroad Company as a respondent to said petition, or as a party to said proceeding.

Even if the said North Carolina Railroad Company was operating its railroad as a common carrier, at the time the petition was filed before the Corporation Commission, it could not be held, under the statute, to be a necessary party to the proceeding instituted by the filing of said petition. The statute provides that "the Commission is empowered and directed to require, when practicable, and when the necessities of the case, in their judgment require, any two or more railroads which now or hereafter may enter any city or town, to have one common or Union Passenger Depot for the security, accommodation and convenience of the traveling public, and to unite in the joint undertaking and expense of

erecting, constructing and maintaining such Union Passenger Depot, commensurate with the business and revenue of such railroad companies or corporations, on such terms, regulations, provisions and conditions as the Commission may prescribe." C. S., 1042. Where more than two railroads enter a city or town, it is not required by the statute that all the companies or corporations operating said railroads shall be required to have one common or Union Passenger Station; any two of such companies may be required by the Corporation Commission to erect, construct and maintain a common or Union Passenger Station in such city or town. The Corporation Commission is not without jurisdiction of a proceeding with respect to the erection, construction and maintenance of a Union Passenger Station, in a city or town, because one or more railroad companies entering such city or town are not made parties to the proceeding. The presence of two or more railroad companies as parties is sufficient for purposes of jurisdiction.

In the instant case, the North Carolina Railroad Company owns an interest in the site on which the Corporation Commission *may* order a Union Station to be erected. If the orders of the Corporation Commission, dated 31 August, 1926, and 6 January, 1928, are sustained upon the trial in the Superior Court, and a further order is made directing that a new Union Passenger Station be erected on said site, rather than on the other site indicated in the findings of the Commission, the North Carolina Railroad Company may then be heard as to the terms and conditions upon which the station shall be erected, constructed and maintained. If the Commission shall order a new Union Passenger Station to be erected on the other site, the rights of the North Carolina Railroad Company, as an owner, and of the defendants as owners and lessees of the present station, may be fully protected by the Commission, which, under the statute, has full and ample power to prescribe the terms and conditions upon which a passenger station shall be erected, constructed and maintained.

The jurisdiction of the Superior Court of Wake County to proceed with the trial of the issues arising upon the record in this cause is not affected by the order that the North Carolina Railroad Company be made a party defendant in this proceeding. This appeal from said order is                                                                        \

Dismissed.