Civil action instituted in the Superior Court of Guilford County by plaintiff, a resident of High Point, High Point Township, N.C. to recover of the defendant, a common carrier by railroad with its principal office in the city of High Point, damages for personal injuries in the sum of $50,000, alleged to have been sustained by the plaintiff while in the employ of the defendant, as a result of the defendant's negligence.
Motion to dismiss for want of jurisdiction; motion allowed; plaintiff appeals, assigning error.
The municipal court of the city of High Point was established in 1913 as a special court for the trial of petty misdemeanors. Chap. 569, Public-Local Laws 1913. In 1927 it was given civil jurisdiction in certain cases with the right of appellate review by the Superior Court of Guilford County. Chap. 699, Public-Local Laws 1927; Cecil v. Lumber Co., 197 N.C. 81,147 S.E. 735; Provision Co. v. Daves, 190 N.C. 7, 128 S.E. 593.
The grant of civil jurisdiction to this Court is couched in the following language: *Page 580 
"Exclusive original jurisdiction in all civil actions, and divorce actions, matters and proceedings, including also all proceedings whatever, ancillary, provisional and remedial to civil actions founded on contract or tort, wherein the Superior Court of Guilford County now has exclusive original jurisdiction, excepting special proceedings, quo warranto, mandamus, caveat to wills, administrations, condemnation proceedings and street widening proceedings: Provided, the party plaintiff be a resident of the city of High Point or one mile thereof; and Provided, in addition to the jurisdiction above named and regardless of the place of residence of the plaintiff, said court shall have concurrent jurisdiction with the Superior Court of Guilford County in cases and actions wherein the defendant or defendants shall reside in any of the counties of the State of North Carolina or can be found therein or which have an officer or property in this State; and further Provided, that if the defendant cannot be found the same rules and regulations as to the service of summons by publication as are now provided in the Superior Courts, the clerk of the High Point municipal court having the same powers and duties therein as the clerk of the Superior Court; and further Provided, that in civil actions where any defendant or defendants reside outside High Point Township, but in the county of Guilford, upon written request of the defendant or his attorney, made before time for answering expires, said case shall be removed to the Superior Court of Guilford County for trial. Said court shall also have the same jurisdiction to try cases sent up on appeal from courts of justices of the peace as the Superior Court of Guilford County, and all appeals sent up from justices of the peace in High Point Township shall be sent to said court where they shall be tried de novo, and by a jury if demanded by either party." Chap. 699, Public-Local Laws 1927, as amended by chap. 702, Public-Local Laws 1927.
As the plaintiff is a resident of High Point and the defendant has its principal place of business there, the trial court was of the opinion, and so held, that, under the above allotment of power and jurisdiction, "The municipal court of the city of High Point" alone had original jurisdiction of the plaintiff's cause of action. Thus, the motion to dismiss for want of jurisdiction in the Superior Court of Guilford County was allowed. TrustCo. v. Leggett, 191 N.C. 362, 131 S.E. 752; S. v. Collins, 151 N.C. 648,65 S.E. 617.
If this be the correct interpretation of chap. 699, Public-Local Laws, 1927, then, so far as litigants plaintiff, residing in the city of High Point or within one mile thereof, are concerned, the original jurisdiction of the Superior Court of Guilford County, with the few exceptions noted, is closed to them, while such jurisdiction is open to all other *Page 581 
parties plaintiff. This runs counter to the organic law whether such legislation be regarded as creating a special privilege or entailing a discrimination. Plott v. Ferguson, ante, 446; S. v. Fowler, 193 N.C. 290,136 S.E. 709. It also offends against the Article on the Judiciary as interpreted in Mott v. Commissioners, 126 N.C. 866, 36 S.E. 330.
To the extent, therefore, that the act in question takes from the plaintiff the right (enjoyed by others) to bring his action in the Superior Court of Guilford County — and to this extent alone is the validity of the statute now assailed — the same must be declared inoperative and void. This conclusion further finds support in the case of S. v.Doster, 157 N.C. 634, 73 S.E. 111.
While unnecessary, perhaps it may not be amiss to add that our present position in no way conflicts with the decisions in Jones v. Oil Co., ante, 328, 162 S.E. 741, S. v. Brown, 159 N.C. 467, 74 S.E. 580, S. v.Collins, 151 N.C. 648, 65 S.E. 617, S. v. Shine, 149 N.C. 480,62 S.E. 1080, S. v. Baskerville, 141 N.C. 811, 53 S.E. 742, S. v. Lytle,138 N.C. 738, 51 S.E. 66.
Error.