R. C. LEWELLYN v. MAGGIE LEWELLYN.

(Filed 23 November, 1932.)

**Courts B b: A c—Order of municipal court without jurisdiction of case removing it to Superior Court of another county does not confer jurisdiction.**

Where the statutory jurisdiction of a city court over the parties is confined to instances in which the plaintiff lives within one mile of the city limits, the court has no jurisdiction where the plaintiff lives beyond it, nor can the parties confer jurisdiction by consent, and where the municipal court orders the case transferred to the Superior Court of another county, no jurisdiction is thereby conferred on the Superior Court, there being no statutory authority for such removal, and the judgment of the Superior Court will be treated as a nullity and an appeal therefrom will be dismissed.

APPEAL by defendant from *Moore, Special Judge,* at July Special Term, 1932, of SURRY. Action dismissed.

This action was begun in the municipal court of the city of High Point, on 22 September, 1931. After the complaint was filed, and before the time for filing answer had expired, the defendant moved that the action be transferred from said court to the Superior Court of Surry County, for trial, on the ground that both plaintiff and defendant are residents of Surry County. Thereafter the motion was heard, and by consent the action was transferred from the municipal court of the

city of High Point to the Superior Court of Surry County. At the trial, the issues raised by the pleadings were submitted to a jury and answered as follows:

"1. Were plaintiff and defendant married as alleged in the complaint? Answer: Yes.

2. Has there been a separation of plaintiff and defendant, husband and wife, and have they lived separate and apart from each other for five successive years next preceding the beginning of this action and the filing of this complaint, as alleged in the complaint? Answer: Yes.

3. Were there no children born to this marriage as alleged in the complaint? Answer: Yes.

4. Is the plaintiff now a resident of the State of North Carolina, and has he been a resident of the State of North Carolina for five successive years next preceding the filing of this complaint, and the beginning of this action? Answer: Yes."

From judgment that the bonds of matrimony heretofore existing between plaintiff and defendant be and that same was dissolved, the defendant appealed to the Supreme Court, assigning errors at the trial.

*J. H. Folger and H. H. Llewellyn for plaintiff.*
*A. T. Grant for defendant.*

CONNOR, J. The municipal court of the city of High Point is a statutory court, created by the General Assembly as authorized by certain provisions of the Constitution of this State. It was created as "a special court for the trial of petit misdemeanors" by chapter 599, Public-Local Laws of North Carolina, 1913. It was given civil jurisdiction in certain cases by chapter 699, Public-Local Laws of North Carolina, 1927. See *Cecil v. Lumber Co.,* 197 N. C., 81, 147 S. E., 735. Also *Hendrix v. R. R.,* 202 N. C., 579, 163 S. E., 752.

The civil jurisdiction of said court is limited to cases in which the plaintiff is a resident of the city of High Point or one mile thereof. The plaintiff in the instant case is not a resident of the city of High Point, nor does he reside within one mile of said city; he is and was at the date of the commencement of this action a resident of Surry County, North Carolina. For this reason, the municipal court of the city of High Point did not have jurisdiction of this action, nor did the Superior Court of Surry County acquire jurisdiction by the order of the municipal court transferring the action to said court, for trial. *Corporation Commission v. R. R.,* 196 N. C., 190, 145 S. E., 19; *Trust Co. v. Leggett,* 191 N. C., 362, 131 S. E., 752; *Bank v. Leverette,*

187 N. C., 743, 123 S. E., 68; *Hall v. Artis,* 186 N. C., 105, 118 S. E., 901. The principle that jurisdiction cannot be conferred by consent is especially applicable in an action for divorce. There is no provision in the statute by which the municipal court of the city of High Point was created authorizing said court to transfer an action begun and pending in said court to the Superior Court of a county other than Guilford.

The questions of law debated in this Court involving the construction of chapter 72, Public Laws of North Carolina, 1931, cannot be considered on this appeal. The judgment of the Superior Court of Surry County is a nullity, for the reason that said court was without jurisdiction of the action in which the judgment was rendered. As the want of jurisdiction appears upon the record, the action is

Dismissed.