STATE OF NORTH CAROLINA v. ROBERT EARL GILES

No. 7710SC303

(Filed 21 September 1977)

1. Criminal Law § 34.1 — witness's occupation as undercover police officer — reason for presence at crime scene — similar offenses

    In a prosecution for assault with intent to commit rape, the trial court did not err in the admission of testimony by the prosecutrix that at the time of the assault she was a police officer working undercover on the N. C. State University campus and that she was being "used as a decoy in order to apprehend the subject or subjects responsible for reported assaults and. rapes in the area," since the testimony was not an attempt to show similar offenses by defendant but was relevant to inform the jury of the witness's occupation and reason for being on the N. C. State campus at the time of the assault.

2. Rape § 17; Constitutional Law § 28 — assault with intent to commit rape upon female — equal protection

    The statute prescribing the punishment for assault with intent to commit rape upon a female, G.S. 14-22, does not deny equal protection of the laws to a male defendant by prohibiting conduct directed toward females without prohibiting the same conduct directed toward males since the statute does not prescribe different punishment for the same acts committed under the same circumstances by persons in like situations, and the statute applies to "every person" and would be equally applicable to a female who aids, abets and assists a man in the perpetration of an assault with intent to commit rape. N.C. Constitution, Art. I, § 19; U.S. Constitution, Amendment XIV.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 12 October 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 1 September 1977.

The defendant was indicted for assault with intent to commit rape.

Evidence for the State tended to show that Carol Simmons was a Raleigh Patrolman and on the night of 5 May 1976 was working undercover with the Selective Enforcement Unit on the North Carolina State University campus. She testified that as she walked past the Alumni Building, defendant grabbed her from behind; that she screamed and struggled, and the defendant gouged her in the crotch area and continuously grabbed her having his hand in the area of her vagina; and that after defendant pushed her forward and released his hands, she turned around and saw the back of him running and noticed that he was not wearing anything except socks. The testimony of the officers who were following Carol Simmons tended to show that they came in response to her screams and chased a man wearing nothing but socks; that they caught up with him several times but his skin was covered with an extremely slippery substance other than sweat which enabled him to slip away from them. They testified that the man dropped a bottle of skin lotion as he ran; that they finally caught defendant and put him in a police car; that defendant asked for his clothes and police found his clothes in the area of the attack; and that defendant told police, where they could find his automobile parked on the campus.

The defendant offered no evidence.

Upon a verdict of guilty of the offense charged, the defendant was sentenced to imprisonment for the term of not less than ten years nor more than fifteen years. He appealed to this Court.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis, and Associate Attorney Rebecca R. Bevacqua, for the State.*

*Tharrington, Smith & Hargrove, by Roger W. Smith, for the defendant.*

MARTIN, Judge.

[1] In response to preliminary questions regarding her occupation and whereabouts at the time of the assault, Officer Simmons testified that she was a police officer working undercover on the North Carolina State University campus and that she was being "used as a decoy in order to apprehend the subject or subjects responsible for reported assaults and rapes in the area." The defendant contends that this testimony should have been excluded as irrelevant and prejudicial and the court erred in allowing its admission. We disagree.

The testimony of Officer Simmons was not an attempt to introduce inadmissible evidence of similar offenses by the defendant. It in no way implicated the defendant, and the State made no attempt to prove that any other assaults or rapes had actually occurred or that the defendant was in any way responsible for or suspected of these other similar offenses. However, the testimony was relevant and necessary to inform the jury who the witness was, what her occupation was, and why she was on the North Carolina State University campus at the time the assault occurred. Thus, the cases cited by defendant concerning the admissibility of evidence of similar offenses are inapplicable here and the admission of Officer Simmons' testimony was proper.

[2]   Defendant next contends that G.S. 14-22 "prohibits conduct directed toward females without prohibiting the same conduct directed toward males" and thereby denies him equal protection of the laws contrary to Article 1, Section 19 of the North Carolina Constitution and the Fourteenth Amendment of the United States Constitution. This contention is without merit. Allowing defendant's assertion that G.S. 14-22 speaks only to "an assault with intent to commit a rape upon . . . [a] female," this Court, nevertheless, fails to perceive in what manner this statute denies defendant equal protection of the laws. The rule is well established that "equal protection of the laws is not denied by a statute prescribing the punishment to be inflicted on a person convicted of a crime unless it prescribes different punishment for the same acts committed under the same circumstances by persons in like situations." *State v. Benton*, 276 N.C. 641, 174 S.E. 2d 793 (1970); *State v. Fowler*, 193 N.C. 290, 136 S.E. 709 (1927); 16A C.J.S. Constitutional Law, § 564 (1956). Defendant has brought to the attention of this Court *no* person or class of persons, similarly situated or otherwise, to whom G.S. 14-22 would prescribe a different punishment for the commission of an assault with intent to commit rape on a female. Moreover, G.S. 14-22 is explicitly made applicable to "[e]very person" and thus, by its express terms makes no attempt to create legal classifications among those subject to its sanctions. In this respect, we note that the sanctions of 14-22 are equally applicable to a *woman* who, although incapable in and of herself to commit a rape, aids, abets and assists a man in the perpetration of an assault with intent to commit a rape. *State v. Jones*, 83 N.C. 605 (1880).

We have carefully reviewed defendant's remaining assignments of error and find them to be without merit. In the trial we find no prejudicial error.

No error.

Judges PARKER and ARNOLD concur.