It was made to appear that the Corporation Commission, acting under power expressly conferred upon it by the statute (Revisal, sec. 1100), established the following rule, same being known as Rule No. 8, and set forth in Circular No. 36 in the report of 1905: "When any railroad company fails to deliver freights at the depot or to place loaded ears at an accessible place for unloading within forty-eight hours (not including Sundays and legal holidays), computed from 7 o'clock a. in. the day after the arrival of same, the shipper or Consignee shall be paid $1 per day for each day or fraction of a day said delivery is so delayed: Provided, the railroad company may require the payment of freight before delivery." That the Hart-Ward Company, consignees of certain freight shipped over the railroad of defendant company from Greensboro, N.C. made complaint before the commission that said rule had been violated, to *Page 361 
their injury to the amount of $2 for two days wrongful delay, in violation of the damage rule.
Thereupon the commission caused citation to issue to defendant (485) company and instituted the present inquiry as to said alleged wrong. Hearing was had, witnesses summoned and examined, and judgment was entered by a majority of the commission as follows:
"This cause coming on to be heard upon exception by defendant, the defendant being represented by Messrs. Busbee Son and the complainant by Mr. Frank Ward, the commission is of the opinion that such exception should be overruled.
"The Corporation Commission is authorized by section 1100 of the Revisal of 1905 to make rules governing railroad companies in the placing of cars for loading and unloading and in fixing the time limit for delivery of freight after same shall have been received by the transportation companies for shipment. Under this statute (section 1100, Revisal of 1905) the Corporation Commission made the following rule: `When any railroad company fails to deliver freight at the depot or to place loaded cars at an accessible place for unloading within forty-eight hours (not including Sundays and legal holidays), computed from 7 o'clock a.m. the day after the arrival of the same, the shipper or consignee shall be paid $1 per day for each day or fraction of a day said delivery is so delayed: Provided, this railroad company may require the payment of freight before delivery.' Complainant alleges that this rule has been violated.
"While the Corporation Commission has no power to render a judgment for payment of money, it is its duty to enforce its rules and orders, and the power to do so is conferred by section 1086 of the Revisal of 1905.
"The investigation in this case was for the purpose of ascertaining whether the rule of the commission had been violated, and if so, what recompense the defendant should make for the wrong or injury.
"The finding of the commission is to the effect that the defendant should pay complainant $1. The argument on behalf of the defendant fails to convince the commission that any error was committed at the former hearing. (486)
"It is ordered that all of the exceptions be and they are hereby overruled."
Commissioner Rogers dissented on time ground that the material facts had not been proven.
Defendant company excepted to the judgment of the commission and appealed to the Superior Court of Wake County, in term, where it was tried before Long, J., and a jury, at October Term, 1907. *Page 362 
Issues were submitted, and responded to by the jury, as follows:
1. Did the consignee send for and request of the defendant the delivery of the contents of the car every day after notification until they were delivered? Answer: "Yes."
2. Was the consignee diligent in trying to get its freight? Answer: "No."
3. Did the defendant's delivery clerk mislead the consignee or its agent as to the car not being in place for delivery of the freight, and was the plaintiff thus prevented from unloading the car on 1 November? Answer: "Yes."
4. When was the phone message given by the defendant to the plaintiff showing the same placed for delivery? Answer: "November 3d."
And on said issues judgment was rendered as follows:
"This cause coming on to be heard before the undersigned and a jury, upon the whole record in the cause, and being heard, amid the court having submitted the issues set out in the record to the jury, amid time jury having made the answers thereto as appear in the record, and it appearing that time cause has been brought to this court upon exceptions by time defendant company, numbered one, two, three, amid four, as set out in the record: It is therefore considered and adjudged by the court that the Corporation Commission had tome power, under the provisions of section 1100 of the Revisal of 1905, to make the ruling introduced in (487) evidence in the trial of this cause, to wit: `When any railroad company fails to deliver freight at the depot or to place loaded cars at an accessible place for unloading within forty-eight hours (not including Sundays and legal holidays), computing from 7 o'clock a.m., the day after this arrival of the same, the shipper or consignee shall he paid $1 per day for each day or fraction of a day said delivery is so delayed:Provided, the railroad company may require the payment of freight before delivery.'
"It is further considered and adjudged that the Corporation Commission, under the laws, has time power to make an investigation as to whether or not such rule has been violated, and in this case did not exceed its power in making such investigation.
"The commission, in its judgment, at the conclusion thereof, uses the following language: `The commission is of the further opinion that the complainants are entitled to recover demurrage one day to the amount of $1, amid the defendant, the Southern Railway Company, is hereby ordered to pay that sum to the Hart-Ward Hardware Company.' The court does not interpret this portion of the judgment to mean that it was the purpose of the Corporation Commission to issue an execution and collect the said dollar from time defendant, but that it was the intention of the *Page 363 
Corporation Commission, after making said finding and order, to leave the plaintiff to its remedy for the collection of the same in the proper court.
"It is further ordered and adjudged by the court, upon the whole record, that the prayer of the defendant asking that the order of the commission be revoked and vacated he and the same is denied, and the plaintiff is left to pursue such remedy as it may be advised under the order and findings made by the Corporation Commission.
"It is further considered and adjudged that the defendant pay the costs of this appeal, to he taxed by the clerk."
From this judgment the defendant company, having excepted, appealed to the Supreme Court.
After stating the facts: The Court is of opinion that there was no appealable order made in this cause by the Corporation Commission, and, this being true, we are not in a position to make authoritative deliverance on the important and interesting questions indicated in the record and which were so learnedly argued by counsel. As to this Supreme and Superior Courts, this proceedings are coram non judice. Whether the Legislature may or may not have the constitutional right to confer on the commission jurisdiction of questions strictly judicial in their nature, a persual [perusal] of the act creating the commission clearly shows that this legislation nowhere confers upon the commission the power to enforce its orders and decrees by final process issuing directly from themselves They are given in general terms power to supervise and control the quasi-public corporations of the State to an extent necessary to carry into effect time provisions of the law, and may establish reasonable rules and regulations in furtherance of this purpose. They may institute investigations with a view of ascertaining if the valid orders, rules and regulations made by them are being complied with, and in carrying out this duty they have the power to compel the attendance of witnesses, require the examination of parties and other persons, and compel the production of books, papers, etc. But for the enforcement of their orders by final process resort must be had to the ordinary courts of the State, either by independent proceedings or by process issued in causes carried before such courts by appeal.
Thus, in section 1080, Revisal 1905, the right to a mandamus to enforce a valid order is given in causes which have been carried to the Superior Court by appeal. In section 1081 they may appeal by independent proceedings for mandamus to enforce a valid order (489) *Page 364 
from which no appeal has been taken. In sections 1086 and 1087 power is given under certain circumstances by action to recover penalties for violation of rules and regulations made by them. And, no doubt, when conditions require, resort could be had to other actions appropriate and necessary to the enforcement of the law. Elliott on Railroads, secs. 697, 698. In reference more particularly to the case at bar, by section 1100, Revisal, this commission in express terms is given the power to make "rules, regulations and rates governing demurrage and storage charges by railroad companies and as to the placing of cars and in fixing time limits for delivery of freights after same have been received for shipment." And it is conceded that the relators (the hardware company), if they were specially injured by reason of a violation of the rules made in pursuance of this power, could by action before a justice of the peace or other courts having jurisdiction recover for the injury. But the commission is not given the power to entertain such a suit or to enforce a judgment that such a claimant might be entitled to recover.
This is the view held by the commission itself, as shown by the terms of their order, as follows: "While the Corporation Commission has no power to render a judgment for the payment of money, etc., it is their duty to enforce their rules and orders, and the power to do so is given in section 1086, Revisal 1905," etc. And the learned judge who presided at the hearing in the Superior Court held the same view, as indicated by the issues submitted and the judgment rendered. And this being the correct position, there is nothing contained in this order from which an appeal could lie. True, the terms of the statute giving the right of appeal are very broad (Revisal, sec. 1074): "From all decisions or determinations made by the Corporation Commission any party affected thereby shall be entitled to an appeal." But this, we think, must necessarily (490) mean from a decision which affects or purports to affect some right or interest of a party to the controversy and in some way determinative of some material question involved. Section 1086, Revisal, to which reference is made in the order of the commission as the section under and by virtue of which it acted in time premises, provides as follows: "If any railroad company doing business in this State by its agents or employees shall be guilty of a violation of time rules and regulations provided and prescribed by the commission, and if after due notice of such violation given to the principal officers thereof, if residing in the State, or if not, to the manager or superintendent or secretary or treasurer, if residing in the State, or if not, then to any local agent thereof, ample and full recompense for the wrong or injury done thereby to any person or corporation, as may be directed by the commission, shall not be made within thirty days from the time of such notice, such company *Page 365 
shall incur a penalty for each offense of $500." Under this section and section 1064, making more specific provisions in reference to investigations, the commission had the undoubted right and it was eminently proper for them to institute an inquiry and inform themselves as to whether the complaint of the hardware company was grounded in truth. They were not required to institute an action for this penalty simply because a citizen feeling himself aggrieved had made a complaint before them. They did right to investigate the matter for themselves, but the end of such investigation was simply to afford them information and enable them to act intelligently in determining whether they would sue for the penalty of $500 given by the statute.
Their position in reference to this suit could derive no additional force from the fact that they ordered that their rules be observed. This had already been made pursuant to section 1100 and penalty imposed for disobedience. The statute itself requires obedience to these lawful rules. The right to enter judgment for the penalty claimed by (491) Hart-Ward Company not having been given, the only other result of the investigation was to give the commission information. No right or interest involved was in any manner affected, and, as heretofore stated in our opinion, no appealable order has been made.
Appeal dismissed.