HOKE, J., filed concurring opinion; ALLEN, J., concurring in the result; CLARK, C. J., dissenting; WALKER, J., concurred in opinion of Justice BROWN.
The court dismissed the appeal, and the plaintiffs appealed to this Court.
It is contended that any individual may petition the Corporation Commission to direct the removal of any railroad station in this State to some place desired by petitioner, and if the Commission refuses, petitioner may appeal to the Superior Court and have the matter submitted to the decision of a jury. The contention is based upon section 1074, Revisal, viz.: "From all decisions or determinations made by the Corporation Commission any party affected thereby shall be entitled to an appeal."
The statute distinctly confines the right of appeal to a party to the proceeding.
The petition sets forth no property or proprietary right in petitioners that is affected by the order of the Commission. They are affected only as citizens of the community, and have no more interest than the interveners and other citizens who oppose the removal of the station. There is no law that authorizes the individual citizen, having no interest in the subject-matter except that which is common to all, to *Page 639 
prosecute before the courts in the name of the State or Corporation Commission such a proceeding as this. That right is reserved to the State, which acts for all its citizens.
This proceeding is utterly unauthorized as a legal proceeding. (561) The petition is nothing more than a complaint to the Commission, which it was its duty to investigate and, after investigation, take such action as in its judgment was proper.
In case of an appeal to the courts in such a matter as this, the only authorized parties are the State of North Carolina on relation of the Corporation Commission as plaintiff and the railroad or other corporation as defendant. The statute is plain as to who may appeal, viz., the State and the corporation whose legal rights are effected by the decision. No one else can appeal, because there are, and under the statute can be, no other parties, and the right to appeal is of course confined to parties to the proceeding. This is manifest from section 1075, which reads as follows:
"Appeal docketed; priority of trial; burden. The cause shall be entitled `State of North Carolina on relation of the Corporation Commission against (here insert name of appellant),' and if there are exceptions to any facts found by the Commission, it shall be placed on the civil-issue docket of such court and shall have precedence of other civil actions, and shall be tried under the same rules and regulations as are prescribed for the trial of other civil causes, except that the rates fixed or the decision or determination made by the Commission shall be prima facie just and reasonable."
Section 1077 plainly indicates that the right of appeal is confined to the State and the corporation whose legal rights are affected by the Commission's order. Section 1081 also reveals what is meant by the words "any party affected thereby," for it provides, if the corporation "affected" by the order fails to obey, how obedience may be enforced.
There is no decision of this Court contrary to this view. Those cited were appeals by the corporation defendant, whose rights were affected by the Commission's order, and the only parties to the proceeding were the State and the resisting corporation.
That these so-called petitioners are not parties to this proceeding, and have no right to be, has been expressly decided by this Court in State exrel. Corporation Commission v. Southern Railway, 151 N.C. 447. That case is on all-fours with this. B. F. Davis and others filed their complaint with the Corporation Commission, asking the removal of the depot of the Southern Railway at Morganton. The Commission visited Morganton and examined into the matter and ordered the removal of the depot. The railroad company appealed. This Court said: "The motion to dismiss was improperly allowed, as the law required no notice *Page 640 
to be served on B. F. Davis, president of the Merchants' Association, as he was no party to the proceeding. It is not claimed that said association is a legal entity; but if it was, it is no party to a proceeding of (562) this kind. The statute provides that when an appeal is taken from an order of this nature, made by the Corporation Commission, the State shall be the plaintiff, and that the cause shall be docketed, `State of North Carolina on relation of the Corporation Commission v. the appellant.'"
In the case before us the Commission, after making a personal inspection of the present site and other sites proposed by the petitioners, and after hearing the evidence, found the following facts:
"The present depot at Ansonville is about 1 mile from town, at a point where the line comes to grade. The site insisted upon by the citizens petitioning the removal is near the center of the town and the site originally selected by the railroad company for its depot at Ansonville, but later it was decided to reduce the grade of the road, and in reducing the grade it was necessary to make a cut at this point through the hill, ranging from 5 feet to 12 feet in depth. The approach to the depot at this point would be down grade and into the cut, and there being a curve in the railroad approaching from the north, it would, in the opinion of the Commission, create a dangerous situation. The present site is the nearest point to the town that a suitable place could be found for the location of a depot."
After finding these facts, the Commission made further observations as follows:
"The railroad company procured the land at the point where it sought to have the depot established, and it is in evidence that they would have built on it if it had been practicable to do so; but after the grade was reduced, finding that it was not suitable, they abandoned it. Since the present depot has been established, practically all of the building has been done in the direction of the depot, and quite a number of buildings, stores, etc., have been erected adjacent to it, and it would be an injustice to these people to move the depot, even if a suitable place was offered."
From this decision the State of North Carolina has not appealed and is not a party to the proceeding, and the defendant railroad company has not appealed. These petitioners, Redfern and others, have no right to represent the State. That duty is intrusted to the State officers, in this case the Corporation Commission. Therefore, the State, although under the statute an absolutely necessary party, has not been made a party and has not appealed. The complainants, Redfern and others, are not proper parties under the statute, have no locus standi in this *Page 641 
proceeding and no right to prosecute it, and, therefore, have no right of appeal.
That this is true is manifest from an examination of the legislation creating and governing the Corporation Commission and from the character of the duties it is charged with, as well as the powers conferred upon it.
The Commission is not a judicial court, but an administrative (563) agency of the State, possessing certain quasi judicial and legislative powers. State ex rel. Corporation Commission v. Southern Railway,supra. It is the agency through which the State undertakes to regulate and control the various corporations doing business within its jurisdiction. The Commission makes freight and passenger rates, rules in regard to baggage, regulates demurrage on cars and storage charges, as well as to establish and locate railroad stations and to require a change of any station, etc. In addition to the multiplied subjects of railroad regulation, it is given general power to control and supervise electric power, light and gas companies, and is clothed with power to fix, establish, and regulate the rates and charges of such persons, companies, or corporations.
The statute contemplates that any person may lay his complaint or grievance before the Commission. It then becomes its duty to investigate the complaint, and, if it is well founded, the Commission will, upon notice, make such order as will correct it, and institute in the name of the State such legal proceedings as will enforce its order. The statute does not contemplate that every complainant may appeal and litigate the matter before the courts in his own name. It must be done in the name of the State upon the relation of the Commission. If every individual complainant is allowed to appeal and bring his grievance before a jury, it would defeat the very purpose for which a Commission was created.
Instead of having a system of rates for the entire State, the rates in each locality would be fixed by the verdict of a jury. Farmers interested in the reduction of rates between certain points on farm products would originate a proceeding before the Commission, and from an adverse decision would bring the subject for determination back to the vicinage, there to be determined by a jury of the same. Persons desiring additional facilities and conveniences within the entire range and scope of railroad operations would resort to the same forum, and the result of it would be that the Commission, the courts, and the railroads would be engulfed in a maze of controversies destructive to the public welfare and ruinous not only to the transportation systems of the State, but to the peace and prosperity of the people. *Page 642 
One of the powers conferred upon the Corporation Commission exclusively is "to require the erection of depot accommodations, and also to require a change in the location of any station. Revisal, 1097, subsecs. 1 and 2. This power is recognized by this Court in Dewey v. R. R.,142 N.C. 403, wherein Mr. Justice Hoke says: "But however this may be, the Corporation Commission, the body authorized and required by lawto determine the matter, after full and due inquiry, have fixed upon this as the proper site." Those words are peculiarly applicable to this case. This method of exerting the power of the State to compel (564) railroads to establish and change their depots is the only feasible and effective method.
It is utterly impracticable to do it through the instrumentalities of courts and juries. Such a matter is foreign to the purposes for which courts were established.
It is contended that section 6 of Laws of 1907, ch. 469, gives the right of appeal to complainants. That section reads as follows: "All persons and corporations affected by this act shall have the same right of appeal from the action of the Corporation Commission under the powers contained in this act as are now provided by law."
This proceeding is not instituted under that statute, for there is nothing in it relative to establishing or changing railroad stations. Nor is it amendatory of the sections of the Revisal that confer such power. The act of 1907 connects the words "persons and corporations" together because the jurisdiction of the Commission extended to persons as well as corporations.
In certain instances persons may be hailed before the Commission and compelled to obey its decrees. In such cases they are defendants or respondents, and may appeal as well as corporations; and that is what section 6 really means. It is limited to persons and corporations affected by that act of 1907, and does not change the sections of the Revisal regulating the right and method of appeal.
This act confers upon the Commission the power to require railroads to operate additional trains when in their judgment necessary. It will scarcely be contended that under this statute any person can petition the Commission to order additional trains, and, upon their refusal, such person can appeal to the courts and have the matter submitted to a jury. If that could be done, then the same rule would apply to baggage regulations, freight and passenger rates, and to all matters intrusted to the management and control of the Commission. This would completely destroy all uniformity in the system which the State through its Legislature has devised for the control and management of public-service corporations. *Page 643 
There are cases where individuals can apply to the Commission for relief where their personal and property rights are involved, such as overcharges, personal discriminations, and the like. But where the matter is one which does not affect the property or legal rights of one person, but affects a community or locality, or the public generally, the Legislature does not permit any individual person to litigate the matter before the courts, but provides that the State only may do so.
That is the reason the statute expressly provides that the appeal shall be docketed in the name of the State of North Carolina, and the State will protect before the courts the rights and interests of its (565) citizens generally.
This appeal is not docketed in the name of the State, because that can be done only upon the relation of the Corporation Commission. As it is docketed, "The Corporation Commission, upon complaint of Redfern and others," the Corporation Commission is made the plaintiff appellant. Thus we have the solecism of the Commission appealing from its own decision rendered in favor of this defendant.
Affirmed.
WALKER, J., concurs.
ALLEN, J., concurs in result.