The above-entitled proceeding was heard on a motion of the relator that the appeal of the respondents from an order made in the proceeding by the Corporation Commission of North Carolina with respect to the construction of a union passenger station in the city of Raleigh, N.C. be dismissed, for that said order was not final, but interlocutory in its nature, and for that the appeal from said order to the Superior Court of Wake County was, for that reason, premature.
From the order dismissing the appeal of the respondents in accordance with said motion, and remanding the proceeding to the Corporation Commission, respondents appealed to the Supreme Court.
This proceeding was begun by petition filed by the city of Raleigh and others on 15 November, 1926, with the Corporation Commission of North Carolina. Upon the allegations of the petition, the petitioners prayed that the Corporation Commission order the respondents to construct and equip a union passenger station in the city of Raleigh, *Page 701 
adequate for the security, convenience and accommodation of the traveling public. The respondents filed answers to the petition, in which each denied all the essential allegations therein, upon which the prayer for relief is founded. The respondents in their answers alleged that the union passenger station heretofore constructed, and now maintained and used by them in the city of Raleigh, is adequate in all essential respects. Each of the respondents alleged that the receipts from its passenger business at Raleigh are not sufficient to justify the order prayed for by the petitioners; that said receipts have greatly decreased within the past few years and that by reason of the use of automobiles on the hard-surfaced highways recently constructed in this State, such receipts will continue to decrease. Respondents further alleged that the Corporation Commission of North Carolina is without jurisdiction to make the order prayed for in the petition, for the reason that they are engaged in inter-state commerce, and that by the act of Congress jurisdiction of the matter involved in this proceeding is conferred exclusively upon the Inter-State Commerce Commission.
After a hearing at which both the petitioners and the respondents were represented by counsel, the Corporation Commission made an order dated 31 August, 1927. Upon the facts found by it, the Commission concluded that it had jurisdiction of the subject-matter of the petition, citing in support of its conclusion to that effect R. R. Com. of California v. SouthernPacific Co. et al., 264 U.S. 331, 68 L.Ed., 713. The Commission also found with respect to the financial ability of respondents to construct an adequate union passenger station at Raleigh, N.C. that "the amount of expenditures required, allocated between the three participating carriers, would be relatively nominal." After setting out in full and in much detail the facts upon which it bases its order, the Commission concludes as follows:
"Upon consideration of all the facts involved, it is found that the union passenger station now in use in the city of Raleigh is inadequate to serve the needs and convenience of the traveling public, and that the carriers should proceed without delay to provide suitable plans to construct a modern union passenger station adequate in size, arrangement and equipment to meet the needs and convenience of the traveling public, either upon the site of the present depot, with such additional land as may be necessary or at the suggested site where the main tracks of these carriers converge at Boylan Avenue; and it is
"Ordered, That the Southern Railway Company, the Seaboard Air Line Railway Company and the Norfolk Southern Railroad Company file with the Corporation Commission within ninety days from this date plans for a new and adequate union passenger station to be erected in the city of Raleigh upon either of the sites indicated in the findings herein made." *Page 702 
Upon the filing of this order each of the respondents duly excepted to the same, and within the time prescribed by statute, filed its exceptions in detail to the findings and conclusions made by the Commission in support of its order. Each and all these exceptions were heard and considered by the Commission, and on 6 January, 1928, the Commission made an order as follows:
"Ordered that the exceptions filed by the respondent carriers in this proceeding be, and they are hereby, overruled, and that the order of the Commission of 31 August, 1927, be and it is hereby amended by extending the time fixed therein for the filing of plans and specifications for a new and adequate union passenger station in Raleigh to ninety days from the date of this order."
To this order, each of the respondents duly excepted, and gave notice of its appeal therefrom to the Superior Court of Wake County. Exceptions to the said order were duly filed by each of the respondents, who thereafter duly assigned error based upon their several exceptions. Thereupon, on 26 January, 1928, the following order was made by the Commission:
"It is now, therefore, ordered that . . . all papers and evidence considered by the Commission, together with the assignments of error filed by the appellants, be certified and transferred to the Superior Court of Wake County as provided by statute for the certifying and transferring of such records of appeal."
In accordance with the foregoing order, the record in this proceeding, duly certified, was docketed on the civil issue docket of the Superior Court of Wake County, for trial of the issues raised by respondents' exceptions to the order of the Corporation Commission. Since the docketing of said record, the proceeding has pended in the Superior Court of Wake County.
At April-May Term, 1928, of said court, the proceeding came on for trial, when an order was made by the judge presiding that the North Carolina Railroad Company be made a party to the proceeding. Thereupon, respondents moved that the proceeding be dismissed, contending that upon the finding by the judge that the North Carolina Railroad Company was necessary party to the proceeding, the Superior Court was without jurisdiction, for that its jurisdiction of the proceeding was, by virtue of the statute, derivative, and that the orders of the Corporation Commission which had original jurisdiction, under the statute, of the proceeding, were void, in the absence of a necessary party. This motion was resisted by the Corporation Commission, and upon its denial, respondents appealed to the Supreme Court. This appeal was dismissed. We held that the North Carolina Railroad Company was not a necessary party to the proceeding for purposes of jurisdiction, either as a *Page 703 
respondent before the Corporation Commission, or as a defendant in the Superior Court, 196 N.C. 190, 145 S.E. 19. We said in the opinion upon that appeal: "The jurisdiction of the Superior Court of Wake County to proceed with the trial of the issues arising upon the record in this cause is not affected by the order that the North Carolina Company be made a party defendant in this proceeding."
It is now contended that the Superior Court of Wake County is without jurisdiction to try the issues raised upon the record, because the order made by the Corporation Commission in the proceeding is not appealable. The statute provides that "from all decisions or determinations made by the Corporation Commission any party affected thereby may appeal." C. S., 1097. The record in this proceeding shows, we think, that the Corporation Commission at the time its order of 31 August, 1927, was filed, interpreted said order as a decision or determination by it affecting the respondents and each of them. Upon the filing of the notice of appeal from said order, the Commission ordered that the record be certified and transferred to the Superior Court of Wake County as provided by statute. The interpretation of its order by the Corporation Commission as subject to appeal, is not conclusive, but in this case we concur with the Commission that its order made in this proceeding is appealable. There was error in the holding by the judge of the Superior Court to the contrary, and for this error the order dismissing the appeal must be reversed. The Superior Court of Wake County has jurisdiction of this proceeding and may proceed to the trial of the issues involved therein.
We have not overlooked the fact, as shown by the record, that the motion in the Superior Court to dismiss the appeal of the respondents from the order of the Corporation Commission, which is in writing, is entitled "City of Raleigh and others v. Seaboard Air Line Railway Co. et al.," and that the motion is made by the petitioners who filed the petition with the Corporation Commission and not by the Corporation Commission. We have assumed from the argument and briefs of counsel that the motion was made with the consent or approval of the Corporation Commission, as the relator in this proceeding. We have considered the appeal, and decided the question presented upon this assumption. Otherwise the appeal would have been dismissed for the reason that the petitioners are not parties to the proceeding, in the sense that they had a right to appeal from orders made in the proceeding, while same was pending before the Commission, or to appear in the proceeding after same had been transferred to and docketed in the Superior Court. Corporation Commission v. R. R., 170 N.C. 560,87 S.E. 785. We do not dismiss the appeal, but decide that the order was erroneously made. It is therefore,
Reversed. *Page 704