This is an action instituted under Article 25A. "Declaratory Judgments" 628 (a) et seq. *Page 207 
The complaint alleges, in part: "That prior to the 15th day of October, 1937, Branch Banking Trust Company and W. R. Hampton, its co-plaintiff, entered into an agreement to sell and did sell to the defendants a tract of land in the town of Plymouth, Washington County, North Carolina, and deed of conveyance, by agreement between the plaintiffs and defendants, was executed to J. E. Toney, Jr., the same having been done for convenience of the parties and to enable the parties to consummate immediately the said sale; that copy of the deed executed to the defendant J. E. Toney, Jr., and as above referred to, is hereto attached and marked Exhibit `A'."
The material allegations of the above complaint are denied. The deed, Exhibit "A," referred to, was dated 6 July, 1937, the name of W. R. Hampton does not appear as a grantor. The deed is made by the Branch Banking 
Trust Company, a corporation, to J. E. Toney, Jr. The grantee Toney refused to accept this deed for the reason that the deed contained no general warranty of title. The following was in the deed: "And the said party of the first part, for itself, its successors and assigns, does hereby covenant to and with the said party of the second part, his heirs, executors, administrators and assigns, that it will forever warrant and defend the title to the said lands against all persons claiming by, through, or under the said party of the first part, its successors and assigns."
The Bank contracted and agreed, that in lieu of a warranty to be incorporated in the deed, that it would promptly procure, pay for and deliver to the grantee, along with the deed, a policy of title insurance, free and clear of any and all restrictions and reservations, guaranteeing to the grantee a fee simple title to the said property free and clear of any and all mortgages, liens or other encumbrances. Instead of complying with this agreement promptly, the matter was delayed and W. L. Whitley, attorney for J. E. Toney, Jr., wrote the following letter:
"PLYMOUTH, NORTH CAROLINA, Oct. 15, 1937.
Branch Banking Trust Company, Mr. H. E. Beam, Cashier, City.
DEAR BEAM: I am herewith handing to you, to be held by you in escrow upon the conditions herein set forth, the following: Six notes executed by J. E. Toney, Jr., aggregating the total sum of $4,500.00; deed of trust securing the same, executed to H. D. Bateman, trustee, conveying the property that the Bank is to convey to him; check of J. E. Toney, Jr., No. 2240 for the sum of $500.00, being the cash payment upon *Page 208 
this property. These papers are to be held by you and not formally delivered until the following conditions have been fully complied with:
The Bank is to properly execute and deliver to Mr. Toney deed conveying the property in fee simple free and clear of all encumbrances, including all taxes to be paid up to and including taxes for the year 1937 on the property. There is also to be delivered to Mr. Toney, along with the deed, a policy of title insurance to be issued by the Lawyers Title Insurance Company of Richmond, insuring the title to the property to be conveyed to Mr. Toney without restrictions or reservations of any sort, this policy to be inspected by and satisfactory to Mr. Toney in all respects before the closing of the transaction. The papers herewith handed to you are to remain under the control of Mr. Toney and not to be used until the deed and policy, both satisfactory to him, are executed and delivered to him and all encumbrances on the property removed, and pending this the papers are not to be delivered or recorded as aforesaid. As you know, the Bank would not make a warranty of title of the property to Mr. Toney. Thereupon it was agreed that the title policy above referred to was to be procured and delivered for the purpose of fully and completely protecting Mr. Toney against any and all defects in the title. As you know, I have not investigated the title to the property, but this has been done by Mr. Z. V. Norman for the Title Insurance Company and the title policy will be issued upon Mr. Norman's certificate to the Company. I am to inspect and pass upon the deed and title policy before delivery of any of the papers and in the event that the same, for any reason, are not approved, then the papers herewith handed to you are to be returned to Mr. Toney and the whole transaction called off.
Yours very truly,
W. L. WHITLEY."
The defendants' answer, in part, is as follows: "This defendant avers that the instrument referred to in said section as an `Interim Title Insurance Binder,' is not a title insurance policy of the kind and character that the said Bank contracted and agreed to procure and deliver to this defendant along with a good and sufficient deed for the said property, and this defendant avers that the declined to accept the same and complete the transaction as the same was not in accordance with the letter so written by his attorney, W. L. Whitley, on the 15th day of October, 1937. Further answering said section, this defendant avers that said `Interim Title Insurance Binder' was not procured until the 15th day of January, 1938, long after the letter of the said W. L. Whitley was written on the 15th day of October, 1937 . . . . That instead of proceeding promptly to secure the policy of title insurance, as it had agreed *Page 209 
to do, said Bank waited for an unreasonable and unnecessary length of time to proceed to procure the said policy, during which time the value of the said property dropped considerably and conditions had changed around the town of Plymouth, necessitating the departure of this defendant from the said town; that having patiently waited for what he deemed to be a reasonable length of time and said Bank never having procured the said policy, this defendant wired his said attorney from Troy, North Carolina, where this defendant was then living, on the 9th day of December, 1937, to call the transaction off and to demand the papers back, including the cash deposit of $500.00; that pursuant to this direction of this defendant, that the said attorney, W. L. Whitley, on the 9th day of December, 1937, gave notice to the said Bank, in writing, that the said transaction had been abandoned, and demanding a return of the deed of trust and notes and the cash deposit of $500.00, which said Bank refused to do, and still holds the said deed of trust, the notes referred to therein, and the cash deposit of $500.00, and this defendant avers that the said Bank should be compelled forthwith to surrender the same to him. That this defendant again avers that the said Bank has never complied with the said letter of the said W. L. Whitley, dated October 15, 1937, in that it has never procured the title policy free of all restrictions and reservations, and has never delivered the same, nor tendered the same, along with the deed for the property, all of which appears from the face of the complaint filed herein; that this defendant avers that the instrument, copy of which is attached to the complaint, and referred to as an `Interim Title Insurance Binder' is not a compliance with the contract and agreement between the parties as set forth in the said letter of W. L. Whitley, dated October 15, 1937, all of which will appear from an inspection of the said instrument; that the defendant is informed and believes, and upon such information and belief avers, that the said instrument was not procured until the 15th day of January, 1938; that this defendant again avers that he has never written any letter extending the time for plaintiff to perform its agreement to the 15th of January, 1938, nor has he ever authorized J. E. Toney, Sr., nor anyone else to do so, and avers that he is not bound by any such letter."
The judgment of the court below is as follows: "This cause coming on to be heard and being heard at the above named term of court before his Honor, Walter J. Bone, Judge Presiding, and upon the completion of the reading of the pleadings, the defendant J. E. Toney, Jr., having moved for judgment upon the pleadings, and the court being of the opinion that the motion should be allowed: It is Therefore, Ordered, Adjudged and Decreed that the plaintiffs have not complied with the *Page 210 
terms and conditions and the agreement between the parties evidenced by the letter of October 15, 1937, referred to in the pleadings and that the plaintiff Bank be and is hereby required to return and refund to said J. E. Toney, Jr., the deed of trust and notes and the cash deposited of $500.00 referred to in the pleadings. Let the plaintiffs pay the cost. Walter J. Bone, Judge Presiding."
J. E. Toney, Sr., was not served with process and from the record was not a necessary party to the action nor a party to the contract in controversy. There was no evidence on the record that he was an agent of J. E. Toney, Jr., and had any authority to extend time to plaintiff Bank to fulfill its contract with J. E. Toney, Jr.
It nowhere appears in the record that W. R. Hampton has any enforcible interest in the matter. The title to the property is not in him and he has signed nothing. It nowhere appears in the record that J. E. Toney, Sr., has any enforcible interest in the matter. The only real parties are the Branch Banking Trust Company and J. E. Toney, Jr. The Branch Banking Trust Company did not appeal from the judgment rendered in the court below. The only exception and assignment of error is that made by W. R. Hampton to the judgment as signed.
The answer is not denied and no issues arose on the pleading to be submitted to a jury. The letter of 15 October, 1937, says, in part: "I am to inspect and pass upon the deed and title policy before delivery of any of the papers and in the event that the same for any reason are not approved, then the papers herewith handed to you are to be returned to Mr. Toney and the whole transaction called off." Under this agreement the papers were delivered and accepted by plaintiff Branch Banking Trust Company under the terms and stipulations set forth in the letter. On 9 December, 1937, W. L. Whitley received from J. E. Toney, Jr., the following letter: "Advise Bank we will have to call off trade. They have had plenty time to receive insurance title. Have Bank send me check by return mail. Send me statement for your work." Whitley immediately notified the plaintiff Bank: "I understand therefrom that Mr. Toney wishes the check which he deposited with you back and wishes now to abandon the matter, the seller having failed to comply with the terms of the agreement."
The defendant J. E. Toney, Jr., had the right under the contract with the Bank to reject the "Interim Title Insurance Binder" which he did. We see no arbitrary or unreasonable conduct on the part of J. E. Toney, *Page 211 
Jr. He was patient and on his part used due care to perform his part of the contract and was met by delay for a long time by the Bank. The Bank has abandoned its appeal. We can find from the record no cause of action on the part of W. R. Hampton that entitles him to be heard.
We think the judgment must be
Affirmed.