STATE OF NORTH CAROLINA, Ex Rel. UTILITIES COMMISSION, v. CAROLINA SCENIC COACH COMPANY.

(Filed 18 October, 1939.)

**1. Utilities Commission § 1—**

The Utilities Commission is a statutory board exercising at times *quasi*-judicial functions.

**2. Utilities Commission § 4—**

The right of appeal from the Utilities Commission or Commissioner is solely statutory and the general law regulating such right of appeal is C. S., 1097, made applicable to the commission by chapter 108, Public Laws of 1937.

**3. Utilities Commission § 2—**

The Utilities Commission is given jurisdiction by section 7, Chapter 108, Public Laws of 1937, to hear and determine a petition by a common carrier for the removal of a restriction in its franchise prohibiting it from carrying passengers in purely local traffic between two cities on its line.

**4. Utilities Commission § 4—**

The general law governing appeals from the Utilities Commission, C. S., 1097, authorizes a petitioner to appeal to the Superior Court from an adverse ruling of the Utilities Commission on its petition for the removal from its franchise of a restriction in regard to the carriage of passengers, and the contention that no appeal lies from such order because the right of appeal is governed by the motor carrier laws authorizing an appeal from an order affecting franchise only when entered for violation of law, is untenable.

**5. Same—**

The contention that no appeal will lie from an order of the Utilities Commission denying a petition to remove the restrictions in petitioner's charter because the order does not affect any property right, is untenable, since the right of appeal given by the general law, C. S., 1097, does not confine the right to appeal to matters affecting a property right.

APPEAL by defendant from *Rousseau, J.,* at May-June Term, 1939, of HENDERSON. Reversed.

The defendant, Carolina Scenic Coach Company, had obtained a franchise to operate motor vehicles on the highways of North Carolina from the South Carolina line, south of Hendersonville, through Hendersonville *via* Mills River section, to Asheville, N. C. The franchise contained a restriction whereby the defendant was prohibited from taking on passengers going from Hendersonville to Asheville and, likewise, prohibited it taking on passengers going from Asheville to Hendersonville. Defendant filed a petition for removal of this restriction, setting out that at the time the original franchise was applied for and obtained from the State Commission it was not deemed important to the traveling public that this petitioner handle local passenger business between Asheville and Hendersonville. This situation, however, petitioner claims to be much changed on account of the increasing population of the cities referred to, and the greatly increased travel incident thereto, especially as the city of Hendersonville is a "resort city" as well as a large trade center for an increasing population through thickly settled rural communities. The petition also sets up similar facts with regard to the city of Asheville.

It appears from the petition that the Atlantic Greyhound Lines are serving the public between the cities and over the route designated, but because of the changed conditions referred to the petitioner now alleges

that there is a public necessity for the increase of service and asks that the restriction be removed, in order that it may engage therein.

The matter was heard before the Utilities Commissioner, and on 12 December, 1938, an order was made dismissing the petition.

The order sets up in detail the facts brought to the attention of the Commissioner, both by the petitioner and by the Atlantic Greyhound Lines referred to as already performing the passenger service between Asheville and Hendersonville, and follows with the conclusion that no public convenience or necessity exists upon which to base the removal of the restriction, but that on the contrary the service between the two points would be impaired because of the fact that there would not be sufficient business to support the two bus lines. There followed the dismissal of the petition.

The petitioner filed exceptions to the report of the Commissioner, which were overruled on 19 December, 1938, and thereupon the petitioner appealed to the Superior Court. Upon such appeal, under the statute, the proceedings were transferred to the Superior Court of Henderson County.

There the Atlantic Greyhound Corporation, protestant in the proceedings above described, moved to dismiss the appeal for that (a) the Utilities Commission had no authority in law to entertain the petition filed before it by the Carolina Scenic Coach Company, nor to enter an order thereon for the purpose of removing the restriction imposed on the franchise certificate at the time of issuance; and, (b) even if the Utilities Commission had authority at law to entertain a petition, conduct hearing in connection therewith and enter order thereon, no appeal lies to the Superior Court from an order denying the prayer of the petitioner.

Upon the hearing of this motion, Judge Rousseau, presiding at the May-June Term, 1939, of the Superior Court of Henderson County, entered an order dismissing the appeal, and from such order the petitioner appealed to this Court.

*J. W. Pless for Carolina Scenic Coach Company, appellant.*

*L. B. Prince, H. G. Hudson, and Bailey & Lassiter for Atlantic Greyhound Corporation, appellee.*

SEAWELL, J. The Utilities Commission is a statutory board, exercising at times *quasi*-judicial functions. There is no appeal from its orders except as allowed by statute. There is a general statute regulating appeals from the Utilities Commissioner, C. S., 1097. This is, of course, the old statute relating to appeals from the Corporation Commission, but as to matters coming within its purview it becomes applicable to appeals from the Utilities Commission under the peculiar form of

amendment to the law by which the Utilities Commissioner and Utilities Commission assumed the functions of the discarded Corporation Commission. See chapter 108, Public Laws of 1937.

It is the contention of the appellee that this section does not authorize an appeal from the Utilities Commission or Commissioner in this particular instance, since such matter has been dealt with more specifically in the Motor Carrier Laws—Public Laws of 1925, ch. 50 (codified 1927), ch. 136, Public Laws of 1927.

The appellee advances two reasons why the subject matter of the appeal in this case is not covered by this general statute: First, that the Utilities Commission did not have jurisdiction in the first place to remove the restriction, since that would constitute an amendment to the franchise for which no authority is given the Commission under the statute; and, second, that the Motor Vehicle Law is the original grant of power to the Commission to give or refuse a franchise to an applicant for reasons of public convenience and necessity, is *sui generis,* and specifically provides an appeal on the only matter as to which the Legislature thought it advisable to give that right; that is to say, when an investigation is made of a suggested violation of the law and an order is made suspending, revoking, altering, or amending the certificate in consequence of such violation found, the holder of the certificate may appeal to the Superior Court. See section 8.

This position, it seems to us, is incompatible with section 7 of the act, conferring on the Commission regulatory powers, many of which if not subject to review would impose serious hardships upon franchise holders, even destroying or impairing property rights, without the possibility of review. We do not believe that upon a fair interpretation of the law the right of appeal was intended to be confined to the single instance pointed out, or that appeal in any other instance is unprovided for by statute on the theory *expressio unius est exclusio alterius.* Such an inferential conclusion would violate the rules of liberal construction which we think ought to be given to procedural laws protecting property rights.

Another theory suggested to sustain the lower court in dismissing the appeal is the absence of any personal or property right for the protection of which the appeal could be allowed. Certainly the applicant for a franchise or privilege has no property right until it has been granted, and its denial cannot be considered an invasion of property right. Such an applicant has the right to have his application passed upon fairly and without discrimination or abuse of discretion; and possibly arbitrary and capricious action on the part of the Commission might be reviewed by a proper proceeding if there were no right of appeal. We can readily conceive the propriety of a procedure which did not provide for appeal, because the subject of the application is a highly privileged

activity performed only under public franchise and ordinarily requiring the exercise of discretion on the part of the board which passes upon the petition. We can readily understand, also, that it might not be to the public interest to have a question of that sort passed on by a jury after its consideration by a board or commission more competent to deal with all the considerations involved.

Persuasive as these arguments might be, however, we are confronted with a statute which does not confine appeals to matters of property right and does not seem to refer the final determination to the discretion of the board or commission. C. S., 1097, Michie's 1935 Code, is too comprehensive in its phraseology to deny its application to defendant's appeal. "From all decisions or determinations made by the Utilities Commissioner any party affected thereby shall be entitled to appeal." We omit the procedural part of the statute. Also, in chapter 134, Public Laws of 1933, section 12, the most general language possible is employed to cover matters of appeal from the Utilities Commissioner and his Associate Commissioners, who "shall hear and determine such matter, thing, or controversy in dispute, pass upon and determine the issues of fact raised thereon, and the questions of law involved therein, and make and enter their findings and conclusions thereon as the judgment of the said Utilities Commissioner of North Carolina. From the decision of said Utilities Commissioner, or the said Utilities Commission, any party to said proceeding may appeal to the Superior Court at term as designated in and under the rules of procedure required by sections 1097, 1098, 1099, 1100, 1101, and 1102 of the Consolidated Statutes," etc.

Taking the law as we find it, we are of the opinion that the appeal was improperly dismissed, and the order to that effect is

Reversed.