STATE OF NORTH CAROLINA Ex Rel. NORTH CAROLINA UTILITIES COMMISSION v. THE CITY OF KINSTON ET AL.

(Filed 20 May, 1942.)

**1. Utilities Commission § 4—**

The provision of C. S., 1097, that any party affected by an order of the Utilities Commissioner shall be entitled to appeal, and the provision of sec. 12, ch. 134, Public Laws 1933, that any party to a proceeding before the Commission may appeal to the Superior Court, necessarily mean to grant the right of appeal only to a party to the proceeding who has some right or interest to be protected which in some way is, or may be affected by the order of the Commission.

**2. Same—**

A railroad company filed petition with the Utilities Commission to discontinue certain intrastate trains. Certain cities, counties and a committee of the area affected were heard as protestants in opposition to the petition. No application to intervene and no order making them parties to the proceeding appear in the record. *Held:* Protestants are not entitled to appeal from the order of the Utilities Commission granting the petition, the record failing to disclose that they have any interest which is, or may be affected by the order of the Commission.

**3. Appeal and Error § 3a—**

A party who has no legal interest which is affected by the order or judgment objected to, may not appeal merely to see how the question may strike the Court.

**4. Appeal and Error § 22—**

The Supreme Court can judicially know only what appears of record.

APPEAL by Atlantic Coast Line Railroad Company from *Frizzelle, J.,* in Chambers at Nashville, 23 April, 1942. From EDGECOMBE.

Proceeding before The North Carolina Utilities Commission.

The record reveals that the Atlantic Coast Line Railroad Company filed a petition with The North Carolina Utilities Commission for permission to discontinue trains Nos. 38-37 and 36-39 between Rocky Mount and Kinston, and trains Nos. 33 and 34 and passenger service on trains Nos. 426 and 427 between Washington and Parmele. The petition, however, is not a part of the record.

It seems that certain protestants appeared and were heard in opposition to the petition. The protestants are named as the City of Kinston, the County of Lenoir, the City of Greenville, the County of Pitt, the East Carolina Chamber of Commerce, and the Four County Committee. However, no application to intervene and no order making them parties to the proceeding appear in the record.

By order of the Commission dated 22 May, 1941, the petition of the Railroad Company was allowed; provided satisfactory arrangements were made for "handling mail and express on the lines on which the removal of trains is authorized by this order."

Thereafter, on 26 May, 1941, the protestants, styling themselves "protestants of record in this proceeding, named and admitted as parties herein," filed exceptions to the order of the Commission, which were "overruled, disallowed and denied" by the Commission on 12 September, 1941.

Whereupon, the protestants, again styling themselves "parties of record who were made parties to this proceeding," gave notice of appeal, stating their grounds of appeal and setting out their exceptions and assignments of error. On 26 September, 1941, by direction of the Commission, "transcript of the record in the matter of application of Atlantic Coast Line Railroad Company to discontinue trains . . . Docket No. 2054," was transmitted to the clerk of the Superior Court of Edgecombe County.

On 20 March, 1942, the Railroad Company filed with the Commission its proposed arrangement for handling mail and express upon the discontinuance of the trains as authorized, and this was approved 4 April, 1942, and the Railroad Company so notified.

After notice, the protestants then moved before the judge of the Superior Court for an order "directing the petitioner, Atlantic Coast Line Railroad Company, to cease and desist from all efforts, plans or arrangements to carry into effect the provisions of the order issued by the North Carolina Utilities Commission on May 22, 1941."

A show-cause order was issued on this motion, returnable 23 April, 1942. Upon the hearing of the motion, the Railroad Company filed a counter motion to dismiss the motion filed by the protestants, to dismiss the order to show cause, and to dismiss the appeal from the order of the Utilities Commission upon the ground that the matter was not properly in the Superior Court.

The counter motion of the Railroad Company was denied and the motion of the protestants granted, and the respondent was ordered "not to discontinue the trains" enumerated in the order of the Utilities Commission, "until final judgment upon the issues in this cause in the Superior Court." The cause was set for trial as the first case at the June Term, 1942, Edgecombe Superior Court.

From this order, the Atlantic Coast Line Railroad Company appeals, assigning error.

*Thomas W. Davis, Murray Allen, F. S. Spruill, and Gilliam & Bond for appellant Railroad Company.*

*Bailey, Lassiter & Wyatt, Thomas J. White, and George Fountain for defendants, appellees.*

STACY, C. J. The question presented at the threshold of the case is whether the protestants are entitled to prosecute the appeal from the order of the Utilities Commission to the Superior Court. The protestants rely upon *Utilities Com. v. Coach Co.,* 216 N. C., 325, 4 S. E. (2d), 897; *S. c.,* 218 N. C., 233, 10 S. E. (2d), 824, for an affirmative answer. The Railroad Company cites *Corp. Com. v. R. R.,* 170 N. C., 560, 87 S. E., 785, as authority for a negative reply.

It is provided by C. S., 1097, that "From all decisions or determinations made by the Utilities Commissioner any party affected thereby shall be entitled to an appeal." And in sec. 12, ch. 134, Public Laws 1933, it is provided that "any party to said proceeding may appeal to the Superior Court." In *Corporation Commission v. R. R.,* 196 N. C., 190, 145 S. E., 19, it was said that for the purposes of appeal, "those who have no property or proprietary rights which are or may be affected by orders of the Commission, are not parties to the proceeding" within the meaning of the statute, "and have no right to appeal from such orders to the Superior Court."

This grant of the right of appeal to any party to the proceeding, or to any party affected by the order of the Utilities Commission, must necessarily mean to any party to the proceeding who has some right or interest to be protected which in some way is or may be affected by the order of the Commission. *Corp. Com. v. R. R.,* 197 N. C., 699, 150 S. E., 335; *Corp. Com. v. R. R.,* 196 N. C., 190, 145 S. E., 19; *S. v. R. R.,* 147 N. C., 483, 61 S. E., 271. Otherwise, an appeal could be taken simply to see "how it might strike the court." *Parker v. Bank,* 152 N. C., 253, 67 S. E., 492. The courts are not open to "parties" who have no interest to preserve. *In re Mitchell,* 220 N. C., 65, 16 S. E. (2d), 476; *Trust Co. v. Toney,* 215 N. C., 206, 1 S. E. (2d), 538; *Wade v. Sanders,* 70 N. C., 277. Here, the right of the protestants to prosecute the appeal from the order of the Commission to the Superior Court is not made manifest. Whatever interest they may have in the order is undisclosed. Hence, the motion to dismiss the appeal should have been allowed. This is a matter about which we can know judicially only what appears on the record. *S. v. DeJournette,* 214 N. C., 575, 199 S. E., 920. "We are not permitted to refer to matters not stated in the record, nor could the court

below or the jury consider them"—*Walker, J.,* in *S. v. R. R.,* 149 N. C., 470, 62 S. E., 755.

No comfort is afforded the protestants by the decision in *Utilities Com. v. Coach Co., supra.* Their status here is quite different from that of the Coach Company in the cited case. There, the Coach Company had a direct pecuniary interest to serve, and it was the party affected by the order of the Commission. Here, no such interest appears. The case is controlled by the decision in *Corp. Com. v. R. R., supra.*

Reversed.