DEVIN, J., concurring in result.
SEAWELL, J., dissenting.
Proceeding before the North Carolina Utilities Commission, involving applications for franchise, by The City Transit Company, and Community Transit Lines.
The City Transit Company operates the bus service authorized by the North Carolina Utilities Commission in the city of High Point and *Page 391 
suburban areas. This company filed with the North Carolina Utilities Commission, on 23 January, 1943, an application to operate between High Point and Jamestown over U.S. Highway No. 70, thence over Oakdale Cotton Mills Road one mile to Oakdale Mill village and return to High Point over the same route.
The Community Transit Lines operate a passenger bus service out of High Point on Kivett Drive, a highway lying south of U.S. Highway No. 70. The company also operates a passenger bus line between Greensboro and Kernersville via Guilford College, Guilford College Station, Friendship (Greensboro Airport), and Oak Ridge. This company filed an application with the North Carolina Utilities Commission, 16 March, 1943, for a franchise to permit it to connect its operations on Kivett Drive with the Greensboro-Kernersville line, through Oakdale Cotton Mill village to Jamestown, crossing U.S. Highway No. 70 to Guilford College, a distance of about nine miles.
A hearing on the application of the City Transit Company was begun before the Full Commission in Raleigh on 25 February, 1943, and was concluded before one member of the Commission at High Point, on 11 May, 1943, at which time and place both applications referred to herein were consolidated for hearing by mutual consent. The Commission, on 16 June, 1943, issued its Order, the pertinent parts of which are as follows:
"Application of City Transit Company. This application was supported by a large number of witnesses from all points along the proposed route whose testimony was to the effect that present transportation facilities between High Point and Jamestown are inadequate; that the buses of the Carolina Coach Company are loaded to capacity by through passengers, and cannot and do not adequately serve local needs between said points, and that employees working in plants at High Point and at plants along said route between High Point and Jamestown cannot depend upon existing transportation facilities because of the present unusual congestion incident to war conditions. It also appears from the testimony that Oakdale Mill village, a community of some 400 people, located about one mile southeast of Jamestown, has no public transportation facilities. The proposed route is densely populated, and it appears from the testimony that public convenience and necessity exists for the local service proposed by this application.
"Application of Community Transit Lines. The applicant herein now operates out of High Point over Kivett Drive serving the section east of High Point and south of Jamestown; and also operates from Friendship to Greensboro serving the Guilford College section. Said applicant proposed to operate from its route on Kivett Drive to its route through Guilford College Station serving Oakdale Mill village, Jamestown *Page 392 
and Guilford College. The application, if granted, will co-ordinate the applicant's transportation system, give the Oakdale Mill village and the Jamestown community transportation service north and south with connections to High Point and Greensboro. It will tend to relieve the over-crowded condition of the buses of Carolina Coach Company operating through Jamestown.
"The testimony offered supports a finding of public convenience and necessity for the proposed service.
"It Is Therefore Ordered: . . . (2) That the application of K. Herman Fulk, trading as City Transit Company, for motor vehicle franchise rights to transport passengers from High Point to Jamestown over U.S. Highway No. 70, thence over an unnumbered county highway to Oakdale Cotton Mill village, and return, be and the same is hereby granted.
"(3) That the application of P. Gilmer and Mrs. P. Gilmer, trading as Community Transit Lines, for motor vehicle franchise rights to transport passengers over an unnumbered road leading from Kivett Drive through Oakdale Mill village and Jamestown to Guilford College Station, and return, be and the same is hereby granted."
In apt time the Protestant, Carolina Coach Company, filed exceptions to the findings and Order of the Commission. These were overruled and the Protestant appealed to the Superior Court of Guilford County.
At the hearing in the Superior Court, it was agreed by all parties to waive trial by jury and that the court should hear the evidence and find the facts. Accordingly, the court found the facts and entered judgment as follows:
"1. The Court finds as a fact that the Commission in granting the application as contained in the Order in this cause did not act in a capricious, unreasonable or arbitrary manner or in disregard of the law.
"2. The Court further finds as a fact that the Order of the Commission in granting the application in this cause was not unreasonable and unjust.
"It is, therefore, Ordered and Adjudged that each of the exceptions and each of the assignments of error as filed by the Carolina Coach Company is overruled and each case is dismissed as of judgment of nonsuit," etc.
Protestant, Carolina Coach Company, excepted to the signing of the foregoing judgment and appealed to the Supreme Court, assigning errors.
The appellant presents for our determination only two questions. 1. Under what circumstances should the Utilities Commission permit the establishment of a passenger bus line in North Carolina? 2. Did the court below err in granting the appellee's motion for judgment as of nonsuit?
The answer to the first question is contained in the statute, G.S.,62-105; C. S., 2613 (1). The application for a franchise to operate any motor vehicle upon the public highways of North Carolina for the transportation of persons and property for compensation, must be made to the North Carolina Utilities Commission. The Commission may, in its discretion, fix a time and place for hearing of said application. Subsection (c) of G.S., 62-105, in part, is as follows: "After such hearing, the Commission may issue the license certificate, or refuse to issue it, or may issue it with modifications and upon such terms and conditions as in its judgment the public convenience and necessity may require"; and subsection (f) of G.S., 62-105, contains the following: "The commission may refuse to grant any application for a franchise certificate where the granting of such application would duplicate, in whole or in part, a previously authorized similar class of service, unless it is shown to the satisfaction of the Commission that the existing operations are not providing sufficient service to reasonably meet the public convenience and necessity and the existing operators, after thirty days' notice, fail to provide the service required by the Commission," etc.
Under the provisions of the foregoing statute, the Commission may in its discretion grant a franchise which would duplicate in whole or in part a previously authorized similar class of service, and when it is shown to the satisfaction of the Commission that the existing operations are not providing sufficient service to reasonably meet the public convenience and necessity, and the existing operators, after thirty days' notice, fail to provide the service required by the Commission, it would be its duty to do so. The language is that the Commission may refuse to grant the additional franchises unless it is shown to the satisfaction of the Commission that certain facts exist as set forth in the statute. However, the granting of a franchise for the operation of any motor vehicle upon the public highways of North Carolina, for the transportation of persons and property for compensation, must be predicated upon public convenience and necessity. The Commission has held that the testimony offered herein supports the finding of public convenience and necessity for the proposed service to be rendered by the respective applicants, and has issued its Order accordingly.
The determination made by the Commission is prima facie just and reasonable. G.S., 62-21; C. S., 1098; Utilities Com. v. Trucking Co.,223 N.C. 687, 28 S.E.2d 201. While the appellant denies the *Page 394 
existence of public convenience and necessity for the proposed services, it seriously contends that if the services are to be established the Commission must give it the opportunity to establish them, and only upon its failure to do so does the Commission have the right under the statute to grant the franchises sought in this proceeding. This position is based upon the contention that the services now furnished by the appellant are reasonably adequate to meet the public convenience and necessity and that it stands ready, able and willing to provide additional services, and further that the granting of the proposed franchises will result in a duplication in whole or in part of existing services. We think the contention is untenable. The facts do not warrant the conclusion that the services of the appellant are being duplicated within the meaning of this statute. The City Transit Company now operates the bus service authorized by the North Carolina Utilities Commission in the city of High Point and suburban areas. The additional franchise sought by this company would enable it to operate local buses from High Point to Jamestown over U.S. Highway No. 70, thence to Oakdale Cotton Mills, a village one mile southeast of Jamestown, and to return to High Point over the same route, a service purely local in character. The Community Transit Lines seek an additional franchise to permit it to connect its present line on Kivett Drive, east of High Point, with its Greensboro-Kernersville line, to Jamestown, crossing U.S. Highway No. 70 to Guilford College, a distance of 9.1 miles. The appellant operates a passenger service over U.S. Highway No. 70 between High Point and Greensboro, but does not render any service to the local communities to be served under the franchise sought, except by its through bus service from High Point to Greensboro over U.S. Highway No. 70, which highway passes through Jamestown. The contention that the operation of a circuitous bus line from High Point over Kivett Drive, thence to Oakdale Cotton Mills, thence to Guilford College, thence to Greensboro, over the Greensboro-Kernersville line, of the Community Transit Lines, is a duplication of the existing services of the appellant, is not persuasive, the Commission found otherwise.
We now come to the second question. At the threshold of the hearing in the Superior Court, the appellant was confronted with the determination of the Utilities Commission, which is by law presumed to be prima facie just and reasonable. The appellant contends that in the hearing below the court erred in requiring it to go forward with evidence since on appeals from the Utilities Commission to the Superior Court, the trial is de novo. In the absence of a showing that the decision of the Commission was clearly unreasonable and unjust, the appellee on appeal to the Superior Court is entitled to an affirmance of the decision of the Commission. Corp. Com. v.R. R., 170 N.C. 560, 87 S.E. 785. *Page 395 
As pointed out in Utilities Com. v. Trucking Co., supra, Stacy, C. J., speaking for the Court, said: "It is to be remembered that what constitutes `public convenience and necessity' is primarily an administrative question with a number of imponderables to be taken into consideration, e.g., whether there is a substantial public need for the service; whether the existing carriers can reasonably meet this need, and whether it would endanger or impair the operations of existing carriers contrary to the public interest. Precisely for this reason its determination by the Utilities Commission is made not simply prima facie evidence of its validity, but prima facie just and reasonable.' It is not the intent of the statute that the public policy of the State should be fixed by a jury. The court's jurisdiction in the premises is neither original nor wholly judicial in character, and so the weight to be given the decision or determination of the Utilities Commission in any given case is made an exception to its usual procedure." Therefore, upon appeal from the Commission to the Superior Court, the duty of going forward with evidence rests on the appellant, if the appellee elects to stand upon the presumption that the determination of the Commission is prima facie just and reasonable. McIntosh on Procedure, 608, where it is said: "If a plaintiff has introduced sufficient evidence of facts giving rise to a presumption, or a conclusion which the court will draw, and not the jury, . . . it is necessary for the defendant to go forward with evidence to meet this presumption; otherwise, he will lose."
On this record the trial court was justified in the conclusion reached and the judgment entered. The judgment of the court below is
Affirmed.