STATE OF NORTH CAROLINA Ex Rel. NORTH CAROLINA UTILITIES COMMISSION v. H. D. McLEAN—HENDERSON BUS LINE.

(Filed 24 September, 1947.)

**Utilities Commission § 5—**

An applicant for a franchise to operate motor vehicles upon designated public highways of the State for commercial purposes, who at the time has no prior or subsisting right to be affected thereby, is not entitled to appeal to the courts from the determination of the Utilities Commission denying the application and awarding the franchise to an opposing applicant.

APPEAL by respondent from *Parker, J.,* at Chambers in Durham, 30 April, 1947 (by consent). From VANCE.

On 18 February, 1946, H. D. McLean, d/b/a Henderson Bus Line, filed with the North Carolina Utilities Commission application for franchise to transport passengers over certain routes in Vance County. Docket No. 3522. He was a mere applicant at the time without prior franchise right.

On 22 March, 1946, S. M. Reams and Herbert Yancey, d/b/a Reams Bus Line, made application for similar franchise over the same highways and between substantially the same points. Docket No. 3554. Thereafter they intervened in No. 3522 and entered protest to allowing the petition filed therein.

By consent, the two applications were heard together, and resulted in a denial of the McLean application and the granting of a franchise to Reams and Yancey.

McLean filed objections and exceptions to the findings and conclusions of the Commission, and appealed from its decision to the Superior Court of Vance County. On motion of Reams and Yancey this was dismissed for want of any legal right to maintain the appeal.

From this ruling, the respondent, H. D. McLean, d/b/a Henderson Bus Line, appeals, assigning error.

*John H. Zollicoffer for Reams and Yancey, petitioners, appellees.*

*A. A. Bunn, L. H. Wall, and S. J. Ervin, Jr., for H. D. McLean, respondent, appellant.*

STACY, C. J. The question for decision is whether an applicant for a franchise to operate motor vehicles upon designated public highways of the State for commercial purposes, who at the time has no prior or subsisting right to be affected thereby, is entitled to appeal to the courts from the determination of the Utilities Commission denying the application and awarding the franchise to an opposing applicant.

The trial court thought that a negative answer was adumbrated, if not actually given, in the case of *Utilities Commission v. Trucking Co.,* 223 N. C., 687, 28 S. E. (2d), 201. The impression is correct. We now adopt the concurring opinion in that case as the opinion here. The position is also supported by what was said in *Utilities Com. v. Kinston,* 221 N. C., 359, 20 S. E. (2d), 322.

The case of *Utilities Com. v. Coach Co.,* 216 N. C., 325, 4 S. E. (2d), 897; *S. c.,* 218 N. C., 233, 10 S. E. (2d), 824, is distinguishable as was pointed out in the above cited, controlling cases. Likewise, the case of *Utilities Com. v. Coach Co.,* 224 N. C., 390, 30 S. E. (2d), 328, appears beside the point.

The attempted appeal was properly dismissed.

Affirmed.